## ALLEN D. PHILLIPS *vs.* MARY CUMMINGS.

The non-joinder of a co-tenant as plaintiff in an action of tort cannot be taken advantage of except in abatement.

THIS was an action of tort, averring that the defendant forcibly entered the premises of the plaintiff and took possession of the plaintiff's house and land, and converted the same to her own use. At the trial in the court of common pleas, before *Bishop*, J. it appeared that the plaintiff derived title through several *mesne* conveyances, from the levy of an execution upon the premises in favor of Edwin Spencer and Ephraim S. Jackson. Jackson conveyed by quitclaim all his right and interest in the premises, and the plaintiff claims through that title. There was no evidence of a conveyance from Spencer of his interest in the premises. The defendant objected that the plaintiff could not maintain this action, because his co-tenant Spencer was not joined, and asked the court so to instruct the jury. But the judge declined so to do and the verdict being for the plaintiff, the defendant excepted.

*T. G. Coffin*, for the defendant.

*O. Prescott*, for the plaintiff.

BIGELOW, J. The rule is fully and clearly established that

in actions of tort, such as *quare clausum*, or trover for taking goods, case for malfeasance, misfeasance, or nonfeasance, and the like, if one only of two or more joint tenants, tenants in common, executors, assignees, and others who ought regularly to join, bring any such actions, the defendant must plead the non-joinder in abatement, and cannot rely upon it to defeat the action under the general issue, or avail himself of it for that purpose by plea in bar, arrest of judgment, or otherwise. 1 Saund. 291 *h*; 1 Chit. Pl. 66; *Bloxam* v. *Hubbard.* 5 East, 407, 420. *Exceptions overruled.*